| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| DEWAYNE RAY CLUBB, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:16-CV-84 |
| § | |
| JEFFERSON COUNTY, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dewayne Ray Clubb, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against Jefferson County, Judge Jeff Branick, Mitch Woods, Bob Wortham, and Rachel Grove.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed pursuant to 28 U.S.C. § 1915(e).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Plaintiff's objections are without merit. The magistrate judge recommends dismissal based on limitations. Plaintiff concedes the incidents which form the basis of his complaint occurred in 2012. Additionally, Plaintiff concedes he did not file his complaint until late 2015. Further, Plaintiff admits he was unaware of the statute of limitations. As the magistrate judge stated, the statute of limitations for a suit brought under § 1983 in Texas is two years. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.

2001). Accordingly, Plaintiff's claims are barred by the applicable two-year statute of limitations, absent any tolling.

Plaintiff asserts in his objections he suffers from ongoing mental illness and has been undergoing psychotherapy. Liberally interpreted, Plaintiff's assertion is construed as an attempt to request equitable tolling.

Similar to the applicable limitations period, federal courts look to state law to determine whether equitable tolling applies to § 1983 claims. *See Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980*)*. "Texas's equitable tolling principles control this litigation." *Myers v. Nash*, 464 F. App'x 348 (5th Cir. 2012) (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine 'to avoid the consequences of their own negligence.'" *Id.* (quoting *Hand v. Stevens Transport, Inc.,* 83 S.W.3d 286, 293 (Tex.App.–Dallas 2002)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999); *see also United States v. Patterson*, 211 F.3d 927 (5th Cir.2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson,* 204 F.3d 168, 170 (5th Cir. 2000) (proceeding *pro se* not sufficient to toll limitations). While disease or illness may warrant equitable tolling in certain circumstances, for equitable tolling to apply the applicant must diligently pursue his claims and equity is not intended for those who sleep on their rights. *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Plaintiff admits he was not prevented from conducting legal research. Additionally, Plaintiff admits in his complaint that he previously filed his claims in a small claims court located in New Hampshire. Thus, Plaintiff has failed to show he was precluded from pursuing his legal

claims. Further, Plaintiff has failed to demonstrate he diligently pursued his remedies. Therefore, Plaintiff is not entitled to equitable tolling.

**O R D E R**

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 5th day of May, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE